IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00051-GPG

JIMMY SANTIAGO,

    Plaintiff,

v.

BRIAN HOFFMAN, HSA,
DR. WEINPAHL, M.D.
JODI SINKER, Nurse III, R.N., and
MEDICAL BOARD OF DIRECTORS, at Colorado Springs,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

    This matter is before the Court on the "Memorandum of Law in Support of Order to Show Cause for a Preliminary Injunction" (ECF No. 12) filed *pro se* by Plaintiff, Jimmy Santiago, that has been docketed as a motion for a preliminary injunction. The Court must construe the motion liberally because Mr. Santiago is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. Santiago is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On March 5, 2015, Mr. Santiago filed an amended Prisoner Complaint (ECF No. 9). On March 16, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Santiago to file a second amended Prisoner Complaint that complies with

the pleading requirements of the Federal Rules of Civil Procedure because Mr. Santiago failed to provide a clear and concise statement of the specific claims for relief he is asserting in this action.

A party seeking a preliminary injunction must show:  (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).  Thus, Mr. Santiago "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Santiago "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Santiago fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction because he fails to allege specific facts that demonstrate he will suffer irreparable injury if no preliminary injunction is issued. The absence of specific factual allegations to demonstrate irreparable injury is compounded by the fact that Mr. Santiago has not yet filed a pleading that provides a short and plain statement of his claims in this action. Mr. Santiago also fails to demonstrate a substantial likelihood of prevailing on the merits of his constitutional claims. Accordingly, it is

ORDERED that the motion for a preliminary injunction (ECF No. 12) is denied.

DATED at Denver, Colorado, this  19th  day of    March    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court